IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND DRUMGOOLE, #453219     *
         Petitioner,
    v.     *    CIVIL ACTION NO. PX-18-167

STATE'S ATTORNEY STEPHANIE     *
 MALCOLM
WARDEN RICKY FOXWELL     *
         Respondents.
                                *****

## MEMORANDUM OPINION

On January 18, 2018, this petition for habeas corpus was received for filing from Raymond Drumgoole, a former Maryland inmate. Drumgoole challenges the legality of his continuing Division of Correction (DOC) confinement,[1] alleging that his January 2017 conviction was reversed by the Maryland intermediate appellate court and remanded to the Circuit Court of Baltimore City on November 21, 2017. He argues that the time limitation under state law to refile charges against him have expired and yet he remains "illegally confine[d] and restrain[ed]." He seeks immediate release from confinement. ECF No. 1, pp. 2-7.

On January 22, 2018, Drumgoole's motion for leave to proceed in forma pauperis was granted and respondents were ordered to answer the petition in 21 days.[2] ECF No. 3. Respondents have answered and Drumgoole has replied. ECF Nos. 5 & 6.

---

[1] At the time Drumgoole filed his petition he was confined at the Eastern Correctional Institution in Westover, Maryland.

[2] On January 31, 2018, Drumgoole submitted a "supplement motion to habeas corpus." ECF No. 4. In this filing, Drumgoole raises no new grounds for relief; rather he takes issue with this Court granting a 21-day extension to Respondents to file an answer. Good cause existed to afford Respondents a 21-day extension, so any challenge to that decision is rejected. *See* 28 U.S.C. § 2243.

According to the verified record, on January 17, 2017, Circuit Court Judge David Young sentenced Drumgoole to serve 10 years in the Division of Correction for possession of a regulated firearm. Drumgoole further received a concurrent 10-year sentence for wearing or carrying a handgun and possession of ammunition. ECF No. 5-2.[3] On November 21, 2017, the Court of Special Appeals of Maryland reversed the Circuit Court judgment and remanded the case for further proceedings. ECF No. 5-3. On January 24, 2018, the Circuit Court for Baltimore City issued an "order following remand" directing that Drumgoole be transferred from DOC custody to the Baltimore City Detention Center, where he be held without bail, and to appear for a determination of pre-trial release eligibility and arraignment on February 16, 2018. ECF No. 5-4. The state court docket reveals that Drumgoole's arraignment was held before Circuit Court Judge Timothy Doory on February 16, 2018. *See State v. Drumgoole*, Case Number 116215005 (Circuit Court for Baltimore City) at http://casesearch.courts.state.md.us/casesearch/inquiry-index.jsp. Drumgoole is currently confined at the Baltimore Central Booking and Intake Facility. ECF No. 6-1.

This case was instituted as filed pursuant to 28 U.S.C. § 2254, which confers jurisdiction on a district court to "entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the *judgment of a state court* only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). (emphasis added). Drumgoole is no longer in custody pursuant to a state court judgment; rather he is currently in pre-trial custody awaiting retrial. Thus, he is no longer eligible for relief under § 2254.

---

[3] All citations to exhibits reference pagination under the Court's electronic docketing system or CM/ECF.

Further, to the extent that Drumgoole filed his petition to challenge his continuing DOC incarceration, the vacature of his conviction and transfer to pre-trial status renders his challenge moot. *Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997). Where subsequent changes in the Petitioner's circumstances divest the court of the ability to award meaningful relief, the case is moot. *Ross v. Reed*, 719 F.2d 689, 693-94 (4th Cir. 1983). *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna,* 523 U.S. 1, 7 (1998)). Put differently, the parties must continue to have a "personal stake in the outcome" of the lawsuit for it to proceed. *Id.* at 478 (quoting *Los Angeles v. Lyons,* 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the complainant 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer,* 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). Accordingly, to the extent Drumgoole challenges the validity of his confinement in DOC custody, his removal from DOC custody moots that challenge.

To the extent Drumgoole seeks federal court intervention as to his current pending criminal charges, his § 2241 petition for habeas corpus relief is likewise dismissed. Absent extraordinary circumstances, a federal court must not interfere with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971); *Cinema Blue of Charlotte, Inc., v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989) (district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims have been or could have been presented in an ongoing state judicial proceeding). Abstention in favor of state judicial proceedings is required where the state proceedings are ongoing, implicate important state interests, afford an adequate opportunity to raise the federal questions, and the federal relief

sought would interfere in some manner with the state court litigation presented. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Brewsome v. Broward County Pub. Defenders*, 304 Fed. Appx. 814, 816 (11th Cir. 2008) (per curiam). Each of these requirements are met here.

Further, Drumgoole's protestations to the contrary, relief via federal habeas corpus proceedings with respect to a pre-trial state case is only available if a petitioner has exhausted state court remedies and "special circumstances" justify federal review. *See Dickerson v. Louisiana*, 816 F.2d 220, 226-29 (5th Cir. 1987). While the phrase "special circumstances" lacks definition, courts consider whether procedures exist in state court to protect a petitioner's constitutional rights without pre-trial intervention. *Moore v. DeYoung,* 515 F.2d 437, 449 (3d Cir. 1975). Put differently, if petitioner's rights are adequately protected through raising an appropriate defense in state court, no special circumstances are shown. *Id.*; *see also Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) (double jeopardy claim entitled to pre-trial habeas intervention since "the very constitutional right claimed . . . would be violated" if petitioner were forced to go to trial). Where the right may be adequately preserved by orderly post-trial relief, special circumstances are likewise nonexistent. *Moore,* 515 F.2d at 449.

Drumgoole has raised no exceptional circumstances for federal intervention. Any constitutional deprivation, as alleged, may be raised state court. Accordingly, Drumgoole's petition is dismissed without prejudice.

When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability ("COA") will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the

4

denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). A litigant seeking a COA must demonstrate that a procedural ruling barring relief is itself debatable among jurists of reason; otherwise, the appeal would not "deserve encouragement to proceed further." *Buck v. Davis*, 137 S. Ct. 759, 777 (2017). Because Drumgoole has not made the required showing, the Court declines to issue a COA.

A separate Order follows.

Date: 4/6/18              /S/
                          Paula Xinis
                          United States District Judge